UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23131-CIV-HOEVELER

LINDA CATO,

     Plaintiff,

v.

BANK UNITED, a Federal Savings Bank,
the UNITED STATES FEDERAL DEPOSIT INSURANCE CORPORATION,
and BANK UNITED FINANCIAL CORPORATION, LLC, d/b/a BANK UNITED,
a newly chartered Federal Savings Bank,

     Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes before the Court on the motion to dismiss, filed by

BankUnited, a Federal Savings Association, under Fed. R. Civ. P. 12(b)(1).  As an initial

matter, the Court addresses the question of whether Plaintiff has sued the proper

defendants.

This case originally was filed on November 10, 2008 against "Bank United,

Federal Savings Bank (FSB)", alleging violations of the Family and Medical Leave Act

(FMLA), 29 U.S.C. § 2601, and seeking back wages and benefits, as well as liquidated

damages and fees/costs.  "BankUnited, FSB", answered the Complaint and filed a

corporate disclosure statement indicating that BankUnited Financial Corporation, a

publicly owned corporation, was the parent company of BankUnited, FSB.[1]

After the Office of Thrift Supervision closed BankUnited, FSB, on May 21, 2009,

the Federal Deposit Insurance Corporation (FDIC) became the receiver and entered an

---

[1]Although Plaintiff continued to refer to Bank United in her First Amended
Complaint, she subsequently adopted the use of BankUnited to refer to the entity being
sued.  This Court will, of course, refer to BankUnited as the entity seeking dismissal.

appearance in this case on June 8, 2009. According to the Plaintiff,[2] after the FDIC was named receiver of Bank United, FSB, the Bank United Financial Corporation, LLC, formed a newly chartered federal savings bank named Bank United; the FDIC then sold the assets and most of the liabilities of the former bank to the new Bank United. An Amended Complaint was filed, naming as defendants: "Bank United, a Federal Savings Bank", the FDIC, and "Bank United Financial Corporation, LLC, d/b/a Bank United". Plaintiff has abandoned her claims as to BankUnited FSB and the FDIC, as stated in her response brief, Dkt. No. 23, at p. 10.[3]  The sole remaining named defendant is Bank United Financial Corporation, LLC, d/b/a Bank United.

Defense counsel claims that there is no such entity as Bank United Financial Corporation, LLC, and that BankUnited, Federal Savings Association, is appearing in the case for the sole purpose of pursuing the motion to dismiss - without admitting that it is a proper defendant. Plaintiff notes that it will correct the name in a subsequent pleading to name Bank United, Federal Savings Association, as the proper successor defendant; however, the Court finds that such correction will not be necessary, as Plaintiff's claim cannot survive.

## Motion to Dismiss filed by BankUnited, FSA

Plaintiff was a Senior Loan Reconcilement Specialist at the Miami Lakes branch of BankUnited, FSB, until she was discharged in November 2006. In Feb. 2003, Plaintiff submitted a form requesting leave under the Family and Medical Leave Act (FMLA), 29

---

[2]As the Court is reviewing a motion to dismiss, the Court accepts as true the allegations in Plaintiff's First Amended Complaint.

[3]"Plaintiff is no longer seeking any relief against BankUnited FSB ... or the FDIC...."

U.S.C. § 2601, *et seq.*, to help care for her husband, who suffers from post polio syndrome; Plaintiff submitted updated leave requests in Sept. 2004 and Aug. 2005. Plaintiff also sought leave for her own serious health conditions on several occasions. Plaintiff was transferred in February or March 2006 and assigned to a new supervisor, then several months later was assigned to another supervisor. Plaintiff missed several days of work in Aug. 2006 to attend a family member's funeral, then took several more days of leave in Sept. 2006 - days which were approved as FMLA leave by her supervisor. Plaintiff received a written warning on Sept. 22, 2006, relating to excessive absenteeism (27 days missed work - despite the fact that 11 of those days had been approved as FMLA leave). On Oct. 2, Plaintiff received another warning, indicated as a "Final Warning" – but it was simply a copy of the first warning. The first warning also stated that a follow-up session would be scheduled with Plaintiff within 30 days but no such session was scheduled. When Plaintiff was terminated on Nov. 8, 2006,[4] for excessive absenteeism and alleged tardiness, she had used 450 hours of FMLA leave in 2006, and reportedly still had another 30 hours of eligible FMLA leave for that year.

BankUnited, FSB, before it was closed by the federal government, filed an Answer and Affirmative Defenses to Plaintiff's original complaint, claiming that Plaintiff's claim was untimely, pursuant to the FMLA's two year statute of limitations, which ran from the date of discharge. In response to Plaintiff's First Amended Complaint, BankUnited, FSA, has filed a motion to dismiss, under Fed. R. Civ. P. 12(b)(1), arguing that this Court lacks subject matter jurisdiction as a result of Plaintiff's failure to comply with the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), 12

---

[4]Plaintiff's First Amended Complaint contains a typographical error in ¶ 9.

3

U.S.C. § 1821(d)(13)(D), and governing regulations.

According to FIRREA, "no court shall have jurisdiction over any claim or action for payment from ... the assets of any depository institution for which the [FDIC] has been appointed receiver" other than as provided in FIRREA. Id. FIRREA provides that the receiver shall "promptly publish a notice to the depository institution's creditors to present their claims ... by a date specified in the notice." 12 U.S.C. § 1821(d)(3)(B)(I). Thus, all potential claimants were to file claims with FDIC when the bank went into receivership.

Plaintiff claims that the FMLA and its implementing regulations allow for successor liability, see 29 U.S.C. 2611(4)(A)(ii)(II) and 29 C.F.R. 825.107, and that the FMLA provisions are superior to the claims requirement under FIRREA. The Court disagrees.

Plaintiff also urges the Court not to look beyond the allegations in the First Amended Complaint, which is silent as to whether Plaintiff filed an administrative claim within the appropriate time period and only addresses alleged liability under the FMLA, and that the Court should allow Plaintiff to proceed. The Court disagrees, as it is clear that any attempts to pursue this claim will be futile. It is undisputed that Plaintiff failed to file an administrative claim before the end of the claims period - as such, there simply is no basis for this Court's jurisdiction over Plaintiff's claim against Bank United, FSA.

Finally, as an alternative, Plaintiff argues that the motion to dismiss must be considered under the standards of Fed. R. Civ. P. 12(b)(6), or the Court must convert the motion into a request for summary judgment pursuant to Fed. R. Civ. P. 56 (implicitly arguing that some discovery should be permitted as to whether BankUnited, FSA, was

4

Plaintiff's employer for purposes of FMLA coverage).[5]  Again, this Court disagrees with Plaintiff's position and notes the futility of any attempts by Plaintiff to amend her pleading.  BankUnited, FSA, has correctly stated the law on the mandatory nature of the FIRREA claims procedure.  Plaintiff's First Amended Complaint refers to Plaintiff's "former employer and its successors" and specifically identifies "Bank United Financial Corporation" as the successor to the FDIC, thereby opening the door to a review of FIRREA's provisions by this Court.  Plaintiff does not claim to have been unaware of the claims process[6] and is simply making the legal argument that her claim is not subject to FIRREA.  That legal argument has been rejected by other courts, and is rejected by this Court.

As the Court has reviewed Plaintiff's First Amended Complaint and finds that it does not sufficiently assert a basis for this Court's jurisdiction over any of the named defendants, it is

ORDERED AND ADJUDGED that the motion to dismiss is GRANTED.  This case is closed.

DONE AND ORDERED in Chambers at Miami, Florida this 31st day of March 2011.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:   Christopher Sharp
             Ann Marie Estevez
             Mary Riche

---

[5]Although BankUnited, FSA, has provided evidence that notice of the claims process was published, the Court has not relied on such evidence for this decision.

[6]At a status conference before the Court on July 31, 2009, counsel for the FDIC twice noted the existence of a mandatory claims process.  Plaintiff's counsel stated that the "clock is still running" and he was undecided as to whether to file an administrative claim, since the recovery would be "pennies on the dollar".